UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | | |
|---|---|---|
| RAYMOND EASTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:19-075-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANKLIN CO. REGIONAL JAIL, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Proceeding without an attorney, Plaintiff Raymond Eastman previously filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. [R. 1] Although Eastman did not pay the required filing fees, he did file a motion to proceed *in forma pauperis*. [R. 2] However, Eastman's fee motion did not include a certificate of inmate account certified by prison staff as required by 28 U.S.C. § 1915(a)(2).

Accordingly, on October 25, 2019, the Court entered an Order denying Eastman's motion to proceed *in forma pauperis* without prejudice, but also directing the Clerk of the Court to provide Eastman with the necessary forms so that he could file a properly-supported motion. [R. 6] The Court further ordered Eastman to complete the forms and file them with the Court within 30 days, warning him that this action would be dismissed without prejudice should he fail to do so. *McGore v. Wrigglesworth*, 114 F.3d 601,

1

605 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). This 30-day period has now come and gone with no response from Eastman.[1]

Local Rule 5.3(a)(1) requires prisoners seeking leave to proceed without prepayment of the entire filing fee to comply with the requirements of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). *See* Local Rule 5.3(a)(1). Because Eastman has not filed a properly-supported motion for leave to proceed *in forma pauperis* with this Court (despite the Court's instructions), he has not complied with the PLRA requirements that would allow him to proceed without prepayment of the entire filing fee.

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-630 (1962). *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.").

---

[1] Although the first copy of the Court's Order forwarded to Eastman was returned as undeliverable, the Clerk of the Court re-sent a copy of the Order to Eastman at his current address of record (the Green River Correctional Complex) on October 31, 2019. [R. 7]

In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814 at \*2 (6th Cir. March 21, 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Eastman failed to comply with, or even respond to, the Court's Order directing him to complete and file the forms required to proceed in this action, despite the Court's clear warning that his failure to do so would result in dismissal of the case. Thus, evaluating all of these factors, the Court concludes that dismissal of Eastman's complaint, without prejudice, is warranted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Accordingly, it is hereby **ORDERED** as follows:

1. Eastman's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with an Order of the Court;

2. The Court will enter an appropriate Judgment; and

3. This matter is **STRICKEN** from the Court's docket.

This 5th day of December, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge